IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ARI BAILEY,                    :
                               :
        Plaintiff              :
                               :
    v.                         :  CIVIL NO. 3:CV-11-577
                               :
STEPHEN FOROSTIAK, ET AL.,     :  (Judge Conaboy)
                               :
        Defendants             :

FILED
SCRANTON

MAR 0 7 2018

Per_____
DEPUTY CLERK

## MEMORANDUM
### Background

Ari Bailey (Plaintiff), an inmate presently confined at the
United States Penitentiary, Lewisburg, Pennsylvania (USP-
Lewisburg) filed this <u>Bivens</u>[1]-type <u>pro</u> <u>se</u> civil rights action.  A
second civil rights action initiated by Plaintiff, <u>Bailey v.
Lappin, et al.</u>, Civil No. 3:CV-11-578, was subsequently
consolidated into this matter.

Plaintiff's action events which purportedly transpired at
USP-Lewisburg and during his prior confinement at the Allenwood
United States Penitentiary, White Deer, Pennsylvania (USP-
Allenwood).  By Memorandum and Order dated March 12, 2012,

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics</u>, 403 U.S. 388 (1971).  <u>Bivens</u> stands for the proposition
that "a citizen suffering a compensable injury to a
constitutionally protected interest could invoke the general
federal question jurisdiction of the district court to obtain an
award of monetary damages against the responsible federal
official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

1

Defendant American Correctional Association's unopposed motion to dismiss was granted.

By Memorandum and Order dated March 28, 2012, Remaining Defendants motion for summary judgment was partially granted. Specifically, the claims against the Remaining Defendants in their official capacities were dismissed. Second, the following allegations: (1) Defendants Konkle and Uzialko kept the prisoner outside in the cold for an extra hour on February 8, 2011; (2) Uzialko, Litcher and Dunkelberger confiscated Bailey's additional blankets on January 14, 2011; (3) verbal harassment by Johnson on October 21, 2011 and October 29, 2011; (4) on December 17, 2010 Defendants Johnston, Thomas and Woody threatened to fire any inmate who spoke with Plaintiff were dismissed for failure to exhaust administrative remedies.

In addition, summary judgment was granted in favor of Defendants EPA Coordinator Forostiak, BOP Defendants Director Lappin, Assistant Director Connelly, and Regional Directors Norwood, Estrada and Holt on the grounds of lack of personal involvement. Summary judgment was also granted in favor of the Remaining Defendants with respect to any claim solely based upon their supervisory capacities at either USP-Lewisburg or USP-Allenwood and with regards to the allegations of verbal harassment and loss of personal property.

The claims that prison officials used a variety of devices

including mace like chemical substances, flash-bomb grenades security batons and four point restraints in the exercise of their duties were dismissed since there were no allegations that any of those devices were employed against Bailey. For that same reason, it was also determined that Plaintiff's claims regarding visitation, legal mail interference, food tampering at USP-Lewisburg, telephone privileges and the assertions that gang members are housed and take recreation with non-gang members could not proceed.

As a result of those rulings, Bailey's surviving claims are: (1) Defendants Mariana and Bludworth improperly subjected Plaintiff to an x-ray search on August 27, 2009; (2) Bailey was subjected to an improper classification based upon dated incidents of institutional infractions which he indicates has also adversely affected his parole eligibility; (3) Defendant Litcher tampered with Bailey's breakfast tray on January 23, 2011 when the prisoner was confined at USP-Allenwood; and (4) Plaintiff's claims of being subjected to unconstitutional conditions of confinement while housed in a USP-Lewisburg detention cell.

Presently pending is the Plaintiff's motion seeking entry of partial summary judgment.[2] See Doc. 118. The motion vaguely

_____

[2] Remaining Defendants subsequently filed a motion to dismiss and for summary judgment which will be addressed separately. See
(continued...)

asserts that entry of summary judgment in favor of the Plaintiff is appropriate with the claim of improper classification to a Special Management Unit (SMU)which also purportedly adversely affected his parole eligibility.[3]  Bailey contends that the SMU classification violated the Ex Post Facto Clause because it was based upon past institutional infractions.  The opposed motion is ripe for consideration.

## **Discussion**

It is undisputed that Plaintiff had a lengthy history of disciplinary infractions during his ongoing federal confinement. The parties also acknowledges that Hearing Administrator Marc Renda, a non-defendant,  concluded that Plaintiff's long history of disruptive and repetive infractions warranted an SMU designation.

Bailey generally asserts that he is entitled to entry of summary judgment on his improper classification claim because the documentary evidence he has submitted clearly establishes a constitutional violation.  He adds that Defendants Sauers, Drew, Dodtrill, and Bledsoe were personally involved in the improper

---

[2](...continued)
Doc.  170.

[3]  It is well settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.  Preiser v. Rodriguez, 411 U.S.  475 (1975).

classification by Hearing Administrator Renda. It appears that Bailey is arguing that the classification violated the Ex Post Facto Clause because it was premised on prior disciplinary infractions.[4]

Defendants have opposed Bailey's motion in part by submitting a counter statement of material facts which they contend establishes a genuine issue of material facts which precludes granting the request for partial summary judgment. See Doc. 129, p. 3. They further argue that the claim at issue herein is barred by the favorable termination rule, this Court lacks personal jurisdiction over defendants Drew and Dodrill; Plaintiff has no liberty interest in rehabilitative programming or parole; and the challenged SMU designation was proper.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law.

---

[4] A new law or policy violates the Ex Post Facto Clause when it is applied to events which occurred prior to its enactment and disadvantages the offender affected by it. Weaver v. Graham, 450 U.S. 24, 29 (1981). "One function of the Ex Post Facto Clause is to bar enactments, which by retroactive operation increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249 (2000)

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-

23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

Based on this Court's review of the Plaintiff's motion and supporting documents, he has failed to set forth any authority establishing that he is entitled to partial summary judgment as a matter of law with respect to his improper classification claim. The motion, brief in support, and statement of material facts merely reasserts Bailey's previously raised factual averments and claims for relief. Plaintiff's filings are devoid of any arguments, authority, or supporting case law which could warrant entry of summary judgment in his favor.

Bailey has also not satisfied his burden of proof of establishing all the essential elements required to succeed with respect to his surviving claims. Furthermore, Defendants have provided arguments and counter facts which also undermine Bailey's vague partial summary judgment argument. Consequently, based on an application of the well settled Rule 56 standards, Plaintiff's motion for partial summary judgment will be denied.

RICHARD P. CONABOY
United States District Judge

DATED: MARCH 6, 2018

7