# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| ARI BAILEY, | No. 3:11-CV-00577 |
|---|---|
| Plaintiff, | (Judge Mannion) |
| v. | |
| STEPHEN FOROSTIAK, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

**BACKGROUND**

Plaintiff Ari Bailey initiated this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), while confined at the Federal Correctional Center at Allenwood in White Deer, Pennsylvania. (Doc. 1). Plaintiff has updated his address of record numerous times throughout this litigation, and on November 1, 2019, Plaintiff most recently advised the Court of his new address in Baltimore, Maryland. (Doc. 275). Earlier this year, Plaintiff filed a request for docket entries, which he also labeled as "Notice of Change of Address." (Doc. 281). This document, however, provides no reference to Plaintiff's change of address nor does it provide an updated address. Since then, the Court's attempts to communicate by mail with Plaintiff have been

returned as undeliverable and marked "Return to Sender" and "Unable to Forward." (Doc. 282). A review of the inmate locators for the Pennsylvania and Maryland Departments of Corrections provide that Plaintiff is not in the custody of the either the Pennsylvania or Maryland DOC.[1]

**DISCUSSION**

A review of the docket reflects that a copy of this Court's Standing Practice Order was mailed to Plaintiff on March 28, 2011. (Doc. 3). The Standing Practice Order provides, in pertinent part:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

*Id.* That order further provides that Plaintiff "shall follow the requirements of these rules or suffer the consequences of their failure to do so, including possible dismissal of this action. Unless otherwise ordered by the court, there will be no hearing." *Id.* Middle District of Pennsylvania Local Rule 83.18 similarly provides that a *pro se* litigant has an affirmative obligation to keep the Court informed of his or her address and must immediately inform the Court if his or her address changes during the court of the litigation.

---

[1] For a period of time in 2019, Plaintiff was incarcerated at the Jessup Correctional Institution in Jessup, Maryland. (*See* Doc. 275).

2

The Court notes that because Plaintiff previously notified the court when he has changed addresses on multiple occasions, Plaintiff was clearly aware of his responsibility to advise the Court of any change in his address. Although Plaintiff has again apparently relocated, he has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Standing Practice Order, and the Court is unable to discern where Plaintiff may be located.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of the action is appropriate. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). Plaintiff's present whereabouts are unknown, and he has not communicated with the Court since the Court's attempts to communicate with Plaintiff were returned as undeliverable. Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal. *See Poulis v. State Farm*, 747 F.2d 863, 868-69 (3d Cir. 1984).

**CONCLUSION**

For the foregoing reasons, this Court will dismiss this action for failure to prosecute. In the event that Plaintiff provides the Court with his current address within a reasonable period of time, this determination may be reconsidered.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 31, 2020**
19-577-01